# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE M. PRICE, ) | |
| ) | Civil Action No. 18-36 |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge Cathy Bissoon |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDANT ROBERT ) | |
| GILMORE, *et al.*, ) | |
| ) | |
| Defendants. | |

## ORDER DISMISSING CASE

Plaintiff initiated this action by filing a Motion for Leave to Proceed *in forma pauperis* on January 1, 2018. (Doc. 1.) That Motion was denied. (Doc. 2.) A new Motion for Leave to Proceed *in forma pauperis* filed on February 2, 2018 (Doc. 4) was granted in part, and Plaintiff's Amended Complaint was docketed on February 8, 2018. (Doc. 6.) Plaintiff subsequently filed his operative pleading, titled Third Amended Complaint, on February 28, 2018. (Doc. 22.)

Defendants filed a Motion to Dismiss on June 22, 2018. (Doc. 31.) Plaintiff was ordered to respond by August 10, 2018. (Doc. 33.) Plaintiff failed to respond, and, on August 17, 2018, the Court issued an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to prosecute. (Doc. 34.) That Order advised Plaintiff he must either file a Response to Defendants' Motion or show cause, and his failure to do either will result in dismissal of the case for his failure to prosecute. (Id.) To date, Plaintiff has not responded to the Court's Order.

A district court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with a court order. Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). When doing so, the district

court considers the six factors identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Dismissal is warranted in this case under the Poulis factors regarding Plaintiff's personal responsibility; Plaintiff's willful failure to respond to the Court's Order; the lack of effective, alternative sanctions; and the meritoriousness of the claim or defense. On this final point, the Court notes the Government's position that Plaintiff has failed to comply with 42 U.S.C. § 1997e prior to initiating this suit. (Doc. 31.) In reviewing Plaintiff's Third Amended Complaint, it appears that Plaintiff has failed to exhaust his administrative remedies. (See generally Doc. 22.) His failure to do so, coupled with his failure to respond to the Court's Show Cause Order (Doc. 34), favors dismissal of this action.

Accordingly, the above-captioned case is **DISMISSED**.

IT IS SO ORDERED.

October 22, 2018	/s Cathy Bissoon
	Cathy Bissoon
	United States District Judge